UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SCWYANA SMITH, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:12-CV-3083 |
| § | |
| HOUSTON INDEPENDENT SCHOOL § | |
| DISTRICT, § | |
| § | |
| Defendant. § | |

## OPINION AND ORDER

Pending before the Court is Defendant Houston Independent School District's ("HISD") Motion to Dismiss (Doc. 4) the claims of age and gender discrimination made by Plaintiff Scwyana Smith ("Smith"). Having considered the motion, the record in the case, and the applicable law, the Court concludes that the motion should be granted.

### I.   Background

Smith was employed by HISD until May 12, 2011, when she was laid off as part of a reduction in force. Compl. ¶¶ 11-13, Doc. 1; Charge of Discrimination, Doc. 1 Ex. 1. On May 24, 2011, Smith filed a charge of discrimination with the Texas Workforce Commission Civil Rights Division, checking the boxes on the charge form for "race," "religion," and "retaliation." Doc. 1 Ex. 1. In stating the particulars of her charge, Smith wrote: "I believe that I have been discriminated against because of my race, black, and religion, Christian, and retaliated against, in violation of Title VII of the Civil Rights Act of 1964, as amended." Doc. 1 Ex. 1. On July 19, 2012, after an investigation by the Equal Employment Opportunity Commission ("EEOC"), the U.S. Department of Justice Civil Rights Division issued a Notice of Right to Sue (Doc. 1 Ex. 3), giving Smith 90 days to commence a civil action.

On October 17, 2012, within those 90 days, Smith filed her complaint. In addition to stating causes of action for racial discrimination, religious discrimination, and retaliation, Doc. 1 ¶¶ 24, 30, Smith also stated a cause of action for gender discrimination, Doc. 1 ¶¶ 25, 33, and listed one of the bases for this Court's jurisdiction as the Age Discrimination in Employment Act, Doc. 1 ¶ 3. HISD now seeks to dismiss any claims of gender or age discrimination pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.   Legal Standard

In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010) (quoting Fed. R. Civ. P. 8(a)(2)) (internal quotation marks omitted). Where exhaustion of administrative remedies is a prerequisite to filing suit, failure to plead satisfaction of this prerequisite forms a proper basis for a Rule 12(b)(6) dismissal. *Taylor v. U.S. Treasury Dep't*, 127 F.3d 470, 478 n.8 (5th Cir. 1997). For claims of employment discrimination, a plaintiff exhausts her remedies when she obtains a notice of right to sue. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). However, this notice covers only "the discrimination stated in the charge itself or developed in the course of a reasonable EEOC investigation of that charge." *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd.*, 40 F.3d 698, 712 (5th Cir. 1994) (alterations and internal quotation marks omitted).

## III.   Discussion

Defendants argue that because "[t]here is nothing in Plaintiff's Charge, factually or legally, about age or gender discrimination," Smith "failed to exhaust her administrative remedies … with respect to her age or gender discrimination claims," and those claims should

therefore be dismissed. Doc. 4 at 4. Smith's response does not address this argument, instead stating only that:

> Plaintiff … filed charges of race, religion and/or retaliation discrimination with the District Office of the Equal Employment Opportunity Commission. Such charge and the Plaintiff's Original Complaint sufficiently alleged facts necessary to prove each element of their cause of action in the Plaintiff's Original Complaint. Plaintiff's Original Complaint details and outlines each and every one of the allegations of discrimination against the Defendant as enumerated in her charge with the EEOC.

Doc. 5 ¶ 7.

This is merely a recital of Smith's charge of discrimination: allegations of racial and religious discrimination and retaliation, but no mention of age or gender discrimination. Indeed, Smith's complaint and the attached charge both make explicitly clear that she never pursued administrative remedies for age or gender discrimination, let alone exhausted them. This failure serves as a bar to pursuing those claims in federal court, *Books A Million*, 296 F.3d at 378, and, because the last alleged unlawful employment action was her termination on May 12, 2011, it is now too late to remedy that defect, *see Cruce v. Brazosport Indep. Sch. Dist.*, 703 F.2d 862, 863 (5th Cir. 1983) ("[C]harges [must] be filed within 180 days of the alleged unlawful employment practice."). Although failure to exhaust administrative remedies warrants dismissal without prejudice in some cases, *Taylor*, 127 F.3d at 478, in this case, repleading claims for age or gender discrimination would be futile. *See Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000) (defining futility "to mean that the amended complaint would [still] fail to state a claim upon which relief could be granted"). Accordingly, dismissal with prejudice is appropriate.

### IV. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Defendant Houston Independent School District's Motion to Dismiss (Doc. 4) is **GRANTED** and Plaintiff Scwyana Smith's claims for age and gender discrimination are **DISMISSED**. Smith's other claims for racial discrimination, religious discrimination, and retaliation remain pending.

SIGNED at Houston, Texas, this 22nd day of July, 2013.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE