UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SCWYANA SMITH, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:12-CV-3083 |
| § | |
| HOUSTON INDEPENDENT SCHOOL § | |
| DISTRICT, § | |
| § | |
| Defendant. § | |

**OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion for Reconsideration. Doc. 23. Upon review and consideration of the motion, the response thereto, and the relevant legal authority, the Court concludes that Smith's motion should be denied.

## I.      Legal Standard

*Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) ("A motion to alter or amend judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence.").

## II.     Discussion

Smith argues the Court's conclusion that Smith failed to meet her burden, under the third and fourth prong of the modified *McDonnell Douglas* test for discrimination cases involving a general reduction in force (RIF), of demonstrating "she was qualified to assume another position" and "after [the] discharge others who were not members of the protected class remained in similar positions" to Smith's before her termination, was a manifest error. *Eugene v. Rumsfeld*, 168 F. Supp. 2d 655, 668 (S.D. Tex. 2001) (citing *Bauer v. Albemarle Corp.*, 169 F.3d 962, 966 (5th Cir. 1999). In regard to the third prong of the modified *McDonnell Douglas* test,

Smith maintains she had been "cross-trained in 2004 to handle other positions but was denied that opportunity when she was demoted and then terminated." Doc. 23 at 2. Nevertheless, Smith testified she had no knowledge of any open, available positions that were not offered to her by the Defendant. Doc. 16-3 at 61. In regard to the fourth prong of the modified *McDonnell Douglas* test, Smith, an African-American Christian woman, claims other individuals who were not members of the protected class remained in similar positions to the one from which she was terminated. Prior to the RIF, all four employees who held the General Clerk III position were African American and at least two of them were Christian. After the RIF, both of the remaining General Clerk IIIs were African American, and at least one was Christian. *See* Procurement Servs. Dep't Org. Chart, Doc. 16, Ex. 22; Aff. of Ethyl Kujimiyo, Doc. 16, Ex. 38. Therefore, Smith failed to show the Court's conclusion as to the third and fourth prong of the modified *McDonnell Douglas* test were a manifest error of law.

Smith also claims that "she alleged throughout her deposition that [the Reduction in Force] was merely a pretext for the Defendant's discrimination against her." Smith previously admitted the Defendant was forced to implement a district-wide RIF due to state-wide budget cuts. Doc. 1 at 7. All General Clerk IIIs in the Procurement department were subject to the RIF, irrespective of their race or religion. Doc. 16-1 at 31. Smith was discharged based on receiving one of the lowest scores on the post-RIF interview, which was prepared according to HISD Board Policy. Smith does not submit any evidence or cite any authority to support her allegation of pretext in her motion to reconsider.

### III.     Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 23) is **DENIED**.

SIGNED at Houston, Texas, this 27th day of March, 2015.

> _____
> MELINDA HARMON
> UNITED STATES DISTRICT JUDGE